UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-41017

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER RODRIGUEZ-BARCO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(L:01-CR-430-ALL)

August 12, 2002

Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges:

PER CURIAM:[*]

Defendant-Appellant Javier Rodriguez-Barco pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute more than one kilogram of methamphetamine. He appealed his sentence, insisting that, under United States Sentencing Guideline ("U.S.S.G.") § 1B1.8(a) or (b), his sentence should not have been enhanced for importing the drug from Mexico because the government first learned of the importation from him during an interview after he entered into a cooperation agreement with agents of the Drug Enforcement Administration ("DEA"). The government

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responds that it had knowledge of facts sufficient to constitute a preponderance of the evidence that the methamphetamine had been imported from Mexico before Rodriguez told the DEA agents about it. We affirm.

In the district court, Rodriguez did not make the argument that he raises on appeal, so we review for plain error. Before being turned over to the DEA agents and cooperating with them, Rodriguez made known to the Border Patrol agents that he was a citizen of Mexico, and that he had recently crossed the border. He advised that the SUV he was driving, which had Mexican license plates, did not belong to him. In addition to that information, the Presentence Investigation Report ("PSR") contains information obtained before Rodriguez cooperated with the DEA, such as the facts that he changed his story about ownership of the SUV and disclosed that he was to be paid $5,000 by an unknown person for driving the vehicle north in Texas. Additionally, the large quantity of methamphetamine hidden in the door panels of the SUV supports an inference of importation.

Having reviewed the record on appeal and the briefs of counsel, and heard oral argument from counsel, we are satisfied that the pre-cooperation evidence and reasonable inferences from it are sufficient to support the sentencing court's finding of importation by a preponderance of the evidence. As the law requires no more, the sentence imposed by the district court is, in all respects,

AFFIRMED.

2

S:\OPINIONS\UNPUB\01\01-41017.0.wpd
4/29/04  5:46 pm